IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOBILITY CREDIT UNION, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. 3:16-CV-2968-G-BK |
| § | |
| GASTON BENNETT MUGNIER, § | |
| Defendant. § | |

## ORDER FOR SCHEDULING PROPOSALS

Pursuant to Special Order 3-251, this case was referred by the district judge to the undersigned magistrate judge for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the district judge on dispositive motions.

In accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), this order is entered to promote early settlement of this action and to facilitate entry of the scheduling order required by Rule 16(b).

### I.   APPLICATION OF RULES

The Federal Rules of Civil Procedure in effect on the date of this order, and the local civil rules of this Court shall apply to this case.

### II. MEETING REQUIREMENTS

Lead counsel for each party (or a designee attorney with appropriate authority) must meet face-to-face at a mutually agreeable location. The requirement of a face-to-face meeting does not apply if one or more parties are *pro se*. In that instance, the Rule 26(f) conference may be conducted telephonically, by mail, or in another form of communication that will accomplish the conference requirement.

In accordance with Rules 16(b) and 26(f), counsel and any unrepresented party are directed to confer to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of this case; (2) make or arrange for the initial disclosures required by Rule 26(a)(1); and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)-(4).

### III. JOINT RESPONSIBILITY FOR PROPOSAL/ DEADLINE FOR SUBMISSION

Counsel and any unrepresented party must submit a joint proposal that contains the matters set forth in paragraph IV. **The scheduling proposals are due no later than 5:00 p.m. on November 21, 2016.**

### IV. CONTENTS OF PROPOSAL

Each scheduling proposal shall set forth the discovery plan (with corresponding dates) and any objections that a party has to initial disclosures required by Rule 26(a)(1). In addition to the proposed discovery plan and objections, if any, the proposal shall address in separate paragraphs each of the following matters:

A. A brief statement of the nature of the case, including the contentions of the parties.

B. Any challenge to jurisdiction or venue.

C. Proposed deadlines to (a) join other parties; (b) amend pleadings; (c) file motions, including dispositive motions; (d) complete discovery; (e) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).

D. Whether the parties will consent to the jurisdiction of the magistrate judge as explained more fully in the concurrently-filed Notice of Option to Proceed Before the Magistrate Judge.

E. Any matters that require a conference with the Court.

F. The likelihood that other parties will be joined.

G. (a) An estimate of the time needed for discovery, with reasons and corresponding dates for completion; (b) a specification of the discovery contemplated; and (c) limitations, if any, that should be placed on discovery.

H. A statement that counsel and any unrepresented parties have read *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988), and that counsel and any unrepresented parties have read and are familiar with this District's Civil Justice Expense and Delay Reduction Plan, as amended in May 2002, and this District's Local Rules.

    I.    The progress made toward settlement during the meeting and the present status of settlement negotiations.

    J.    Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).

    K.    Any other matters relevant to the status and disposition of this case.

## V. FAILURE TO FILE PROPOSAL

Failure to timely submit the Report may result in the imposition of sanctions, including dismissal, without further notice, *see* FED. R. CIV. P. 16(f), or entry of a scheduling order without further regard to the views of the non-complying party.

## VI. REQUIRED REGISTRATION FOR ELECTRONIC TRANSMISSION NOTICE

An attorney designated in accordance with N.D. Tex. Civ. R. 77.1(b) or (c) to receive copies of orders and judgments must register for electronic transmission (e-mail) notice of orders and judgments within 30 days of the date this order is signed. This requirement does not apply to prisoner litigants or *pro se* litigants, although *pro se* litigants with access to the Internet and a reliable e-mail address may register voluntarily. An attorney or *pro se* litigant who registers for such notice may also register for notice to be sent to additional e-mail addresses (such as for an associate, secretary, legal assistant, or record keeper). Information about electronic noticing can be obtained from the court's website at http://www.txnd.uscourts.gov/pdf/forms/ecf_reg_inst.pdf

## VII.  QUESTIONS REGARDING ORDER OR SCHEDULING MATTERS

All questions regarding this Order or any scheduling matters should be directed to Jane Amerson, Courtroom Deputy, at 214-753-2169.

**SO ORDERED** on October 31, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE