**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MOBILITY CREDIT UNION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. 3:16-CV-2968-G-BK** |
| | § | |
| **GASTON BENNETT MUGNIER,** | § | |
| | § | |
| **Defendant.** | § | |

**JOINT SCHEDULING PROPOSAL**

COME NOW Plaintiff Mobility Credit Union ("Plaintiff" or "Mobility") and Defendant Gaston Mugnier ("Defendant") and respectfully submit the following:

On October 31, 2016, the Court entered its Order for Scheduling Proposals (Doc. No. 6). Pursuant to the request of Defendant, who is appearing *pro se*, the parties conferred by exchanging Scheduling Proposals via electronic mail. Defendant's Scheduling Proposal is set forth below in Section II and Plaintiff's Scheduling Proposal is set forth in Section I.

## I.    PLAINTIFF'S SCHEDULING PROPOSAL

**A.    Nature of Plaintiff's Case**

Plaintiff is the secured lender under of Defendant's home mortgage loan. Defendant's property sustained *significant* damage in March 2016 due to flooding. Plaintiff received a copy of an appraisal report which concluded that the cost to repair or restore the improvements on the Property will be well over $200,000.

As a result of the above-referenced property damage, Defendant submitted a claim to his property insurance carrier, AIG. Upon information and belief, Defendant has received a check or checks representing insurance proceeds from AIG. However, Defendant has not provided Plaintiff with any formal bids or proposals from contractors detailing the actual cost to repair or

restore the property.  Defendant has refused to relinquish possession of said check(s) to Plaintiff, as he is required to under the loan documents.  Instead, Defendant is claiming that he is personally going to perform the work to restore or repair the property and demanding that all of the insurance proceeds be released to him.

Plaintiff has notified Defendant that, assuming the restoration or repair of the property is economically feasible without affecting Plaintiff's security, Plaintiff is entitled under the loan documents to hold the insurance proceeds in a separate account until it has inspected the property to ensure the work has been satisfactorily completed, at which time Plaintiff would disburse the insurance proceeds to the contractors in accordance with loan documents.

Defendant's failure to relinquish possession of the insurance proceeds is a breach of his obligations under the loan documents and is a wrongful exercise of dominion or control over such property.

**B.**     **Challenges to Jurisdiction or Venue**

Defendant filed a Motion to Dismiss (Doc. No. 8) based on lack of personal jurisdiction. Plaintiff will soon be filing its response in opposition to that Motion.  Defendant did not contest venue.

**C.**     **Discovery Plan**

A.     <u>Initial Disclosures.</u>  Plaintiff proposes that the parties exchange Initial Disclosures by December 12, 2016.

B.     <u>Deadline to Join Other Parties</u>.  Plaintiff does not anticipate joining any other parties at this time.  Plaintiff proposes a deadline to join other parties of January 16, 2017.

C.     <u>Deadline to Amend Pleadings</u>.  Plaintiff proposes a deadline to amend pleadings of February 15, 2017.  Any responsive pleadings thereto shall be filed within 21 days of the amended pleading.

D.     <u>Fact Discovery Deadline.</u>  Plaintiff proposes a fact discovery deadline of April 28, 2017.

E.   Motions for Summary Judgment.   Plaintiff proposes a summary judgment deadline the earlier of June 15, 2017 or ninety (90) days before trial.

F.   Expert Witnesses.   Plaintiff proposes the party having the burden of proof on an issue or claim shall designate and serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before April 4, 2017.   The party not having the burden of proof of an issue or claim shall designate and serve any responsive expert report on or before April 14, 2017.   Rebuttal experts shall be designated, and reports shall be served, within thirty (30) days.   Plaintiff proposes expert discovery be completed on or before May 30, 2017.

G.   *Daubert* Motions.   Plaintiff proposes any *Daubert* motions shall be filed no later than thirty (30) days before trial.

H.   Motions in Limine.   Plaintiff proposes motions in limine be filed thirty (30) days before trial.

I.   Witness and Exhibit Lists.   Plaintiff proposes all parties shall file witness and exhibit lists thirty (30) days before trial.   Any objections thereto shall be filed fourteen (14) days before trial.

J.   Page/Line Designations.   Plaintiff proposes page/line designations for designations of deposition testimony shall be filed thirty (30) days before trial. Objections thereto and counter-designations shall be filed fourteen (14) days before trial.   Objections to counter-designations shall be filed seven (7) days before trial.

K.   Trial Date.   Plaintiff proposes a trial setting in August 2017.

L.   Statement.   Plaintiff has read *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988), and is familiar with the Delay Reduction Plan, as amended in May 2002, and this District's Local Rules.

**D.   Plaintiff's Views and Proposals On the Matters Listed in Rule 26 (F)(3)(A)-(F)**

A.   Changes to the timing, form, or requirement for disclosures.   See Part II.A, above.

B.   Conduct of discovery.   In its forthcoming response in opposition to Defendant's Motion to Dismiss (Doc. No. 8) for lack of personal jurisdiction, Plaintiff will be filing an alternative request to conduct jurisdictional discovery related to Defendant's contacts with Texas.   Otherwise, Plaintiff does not presently believe discovery should be conducted in phases.

C.   Discovery of electronically stored information.   Plaintiff is currently unaware of any issues regarding discovery of electronically stored information.

     D.      <u>Claims of privilege</u>.  Plaintiff is currently unaware of any issues regarding claims of privilege.  Procedure for asserting privilege will be governed by the Federal Rules.

     E.      <u>Changes to limitations on discovery</u>.  Other than the limits imposed by the Federal Rules and subject to review of the actual requests for discovery, Plaintiff does not believe any limitations on discovery should be imposed other than those already imposed by the Federal Rules.

**E.**      **Matters That Require a Conference with The Court**

At this time, Plaintiff is not aware of any matters that require a conference with the Court.

**F.**      **Settlement Prospects and Mediation**

Plaintiff believes mediation with a private mediator could be beneficial.

**G.**      **Magistrate Judge Referral**

Defendant did not consent to the trial of this case before a United States Magistrate Judge.

## II.     DEFENDANT'S SCHEDULING PROPOSAL

Gaston Mugnier submits the following contents for the Scheduling Proposal pursuant to this Court's order dated October 31, 2016.

<u>II: Meeting Requirements</u>: I have proposed to communicate by electronic mail with Plaintiff's counsel to accomplish the conference requirement.

<u>IV. Contents of Proposal:</u>

**A.** 1. Plaintiff is a Texas company; Defendant is an individual domiciled in Louisiana. Defendant removed the case from Texas State Court on the basis of diversity jurisdiction.

2. The Complaint seeks to enforce Plaintiff's alleged rights as mortgagee arising from a mortgage it holds on Defendant's property, i.e. my home, located in St. Tammany Parish, State of Louisiana at 505 West 5th Avenue, Covington, LA 70433. See Complaint at Paragraph 7.

3. The mortgage Plaintiff seeks to enforce therefore is governed by Louisiana law. The Mortgage states in its Paragraph 16 that "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the property is located". (See Document #3 in the ECF system- the Complaint is attached to the Notice of Removal. The Mortgage is Exhibit B to the Complaint).

4. This same Plaintiff has already filed a lawsuit to foreclose on Defendant's home, and is presently still foreclosing on my home and claiming to act under the very same mortgage it seeks to enforce herein, in the case titled "Mobility Credit Union f/k/a Southwest IBM Federal Employee Credit Union vs. Gaston Mugnier", No. 2016-11090 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. A copy of the Notice of Seizure and Sale as filed in the Louisiana Court is attached as Exhibit A to my 12(b)6 Motion.

5. The sole basis asserted in the Complaint for Texas courts to exercise jurisdiction against the Defendant is its allegation that Defendant was doing business in the State of Texas. See Complaint at Paragraph 5. It is unknown exactly what the Plaintiff means. Defendant's only connection to Texas was that the Defendant was required to mail the mortgage payment to a Texas mailing address.

6. Defendant's Declaration is attached as Exhibit B to my 12(b)6 Motion attesting that I do not transact business in Texas on a sufficient basis to have a Texas Court exercise jurisdiction over me, with all due respect.

**B.** Defendant has filed a Motion to dismiss the complaint for lack of personal jurisdiction.

**C.** I propose 90 days for all deadlines.

**D.** I wish to proceed before the District Judge, with all due respect.

**E.** Defendant knows of no matters that require a conference.

**F.** Defendant believes no other parties will be joined.

**G.** (a) 90 days should be enough to complete discovery, the reason being there is not much to discover. (b) I do not believe I need discovery from Plaintiff (c) I know of no limitations on discovery.

**H.** I have read Dondi properties, and am familiar with the Delay Reduction Plan and the local rules.

**I.** A possible settlement is for Plaintiff to dismiss this complaint and bring it against me in Louisiana. No progress has been made to that resolution.

**J.** Defendant does not desire mediation at this time, with all due respect.

**K.** Defendant is not aware of any such matters.

Respectfully submitted,

**PASSMAN & JONES,**
**A Professional Corporation**

*/s/ Kyle B. Mandeville*
Kyle B. Mandeville
Texas Bar No. 24065669
Passman & Jones
A Professional Corporation
1201 Elm Street, Suite 2500
Dallas, Texas 75270-2599
(214) 742-2121 Telephone
(214) 748-7949 Facsimile
mandevillek@passmanjones.com

**ATTORNEY FOR PLAINTIFF**
**MOBILITY CREDIT UNION**

*/s/ Gaston Mugnier*
GASTON MUGNIER
Appearing in proper person
505 West 5th A venue
Covington, Louisiana 70433
(985) 892-1180 Telephone
(985) 246-7080 Facsimile
gmugnier@hotmail.com

**PRO SE DEFENDANT**