UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBILITY CREDIT UNION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:16-CV-2968 |
| | § | |
| GASTON MUGNIER | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO JOIN AMERICAN INTERNATIONAL GROUP, INC. (AIG) AS A DEFENDANT

COMES NOW Plaintiff Mobility Credit Union ("*Mobility*" or "*Plaintiff*") and files this its Motion for Leave to Amend to Join American International Group, Inc. ("*AIG*") as a Defendant, and in support of same would show the Court as follows:

## I.   INTRODUCTION

This is a dispute over insurance proceeds issued under a homeowner's insurance policy.

Defendant Gaston Mugnier ("*Defendant*") received approximately $250,000 from his homeowner's insurance carrier, AIG, as a result of *significant* damage to his home, located at 505 W. 5th Ave., Covington, Louisiana 70433 ("*Property*"), caused by flooding.

Plaintiff is the owner of the Note and Mortgage associated with Defendant's home. Plaintiff acquired the Note and Mortgage by assignment from CU Member Mortgage, a division of Colonial Savings ("*CU Member Mortgage*"). CU Member Mortgage continues to service the Note and Mortgage for Plaintiff.

As lienholder, Mobility obviously has an interest in the condition of the Property. Assuming restoration and repair of the Property is economically feasible, it is in both Plaintiff's and Defendant's interest that the Property is promptly repaired and restored in a good and

workmanlike manner. Mobility is afforded rights in the Mortgage to hold the insurance proceeds until it has had an opportunity to inspect the work performed to restore and repair the Property. Mobility can disburse the insurance proceeds to the contractors in a single payment or series of payment as soon as Mobility is satisfied the construction work has been completed in a good and workmanlike manner. This is standard procedure when an insured property that is subject of a mortgage sustains significant damage.

Unfortunately, Defendant has refused to turnover possession of the insurance proceeds he received from AIG to Plaintiff or CU Member Mortgage as he is obligated do under the Mortgage. Defendant insists that *he* is going to perform all the work to restore and repair the Property and claims he is entitled to the insurance proceeds without restriction or oversight. Defendant's position has no basis in law or fact. Indeed, Defendant's claim to exclusive control over the insurance proceeds is especially troubling to Mobility considering that: (i) Defendant has not made a monthly payment under the Note in over 550 days, (ii) Defendant owes $25,593.43 in past due monthly mortgage payments, and (iii) Defendant has filed bankruptcy twice in the past two years.

## II.   PROCEDURAL BACKGROUND

Plaintiff initially filed its Original Petition in the State District Court of Dallas County, Texas on September 19, 2016. Defendant removed this action to this Honorable Court on October 24, 2016 and filed a Motion to Dismiss (Doc. No. 8) on the basis of lack of personal jurisdiction on November 1, 2016. Plaintiff filed its Response in Opposition to the Motion to Dismiss (Doc. No. 12) on November 22, 2016.

Also on November 22, 2016, in accordance with FED. R. CIV. P. 15(a)(1), Plaintiff filed its First Amended Complaint, which, among other things, added a claim for declaratory relief

under 28 U.S.C. § 2201(a).  *See* Plaintiff's First Amended Complaint (Doc. No. 10) at Count Three, pp. 6-7.  Plaintiff respectfully submits that a declaratory judgment may be the most efficient way for the Court to adjudicate the parties' current dispute regarding their respective rights under the Mortgage.  In such event, it is appropriate for AIG to be joined to this action because AIG has an interest in or will be affected by the declaration sought – *i.e.*, whether Plaintiff is the party entitled to receive and hold the insurance proceeds in accordance with the Mortgage.

Therefore, Plaintiff is moving for leave to file an amended complaint that joins AIG as a defendant, solely with respect to Plaintiff's declaratory judgment claim.  A copy of Plaintiff's proposed Second Amended Complaint is attached hereto as **Exhibit A**, in accordance with Local Rule 15.1.

### III.   ARGUMENT & AUTHORITIES

Federal Rule of Civil Procedure 15(a)(2) provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2)

As the U.S. Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962), absent an apparent or declared improper reason on the part of the movant – such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments previously allowed, undue prejudice to opposing party, or futility – leave should be freely given as stated in Rule 15(a)(2).

A declaratory judgment is particularly appropriate in circumstances, like here, "when the declaration sought will 'terminate the controversy' giving rise on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case

for early hearing as on a motion..." *See* FED. R. CIV. P. 57, Advisory Committee Notes (1937). Courts may construe written instruments before or after breach at the petition of a properly interested party, **and all parties having an interest in or adversely affected by the declaration sought must be made parties or be cited**. *Id.* "The Court may order a speedy hearing of a declaratory-judgment action." FED. R. CIV. P. 57.

As set forth in paragraph 27 of Plaintiff's First Amended Complaint, there is an actual, justiciable controversy between Plaintiff and Defendant regarding their respective rights to possession of the insurance proceeds issued by AIG. Accordingly, Plaintiff has requested the Court to review the Mortgage and issue a declaratory judgment declaring the rights and legal relations between Plaintiff and Defendant including the following:

  i. Plaintiff is entitled to determine if the restoration or repair of the Property is economically feasible without lessening Plaintiff's security before any insurance proceeds are to be applied to restore or repair of the Property.

  ii. If the restoration or repair of the Property is not economically feasible without Plaintiff's security being lessened, the insurance proceeds are to be applied to the sums secured by the Mortgage, whether or not then due, with the excess, if any, paid to Defendant.

  iii. If the restoration or repair of the Property is economically feasible without lessening Plaintiff's security, Plaintiff is entitled to hold the insurance proceeds until it has had an opportunity to inspect the Property to ensure the restoration or repair work has been completed to its satisfaction.

  iv. Upon Plaintiff's satisfaction that the restoration or repair work has been duly completed, Plaintiff may disburse the insurance proceeds for the restoration or repair work in a single payment or in a series of progress payments as the work is completed.

AIG, which is Defendant's home insurance carrier, has an interest in the declaration sought by Plaintiff. If the Court were to rule in favor of Plaintiff and conclude Plaintiff is entitled to hold the insurance proceeds during the pendency of the restoration or repair work, it would be appropriate for AIG to cancel the check it previously sent to Defendant and re-issue

Case 3:16-cv-02968-G-BK   Document 16   Filed 12/22/16   Page 5 of 6   PageID 243

payment to Plaintiff. Alternatively, AIG may wish to interplead the insurance proceeds into the registry of the Court pending the Court's adjudication of this action.

Plaintiff is not seeking leave for an improper reason, including any of the reasons identified above in *Foman v. Davis*. Indeed, Defendant has not even filed an answer and discovery has not yet commenced, so joining AIG will not cause an undue delay to this action. Moreover, Plaintiff is filing this Motion in a timely manner pursuant to the Court's Scheduling Order (Doc. No. 11) entered on November 23, 2016, which contains a deadline of January 16, 2017 for filing motions for leave to join parties. Plaintiff does not believe joining AIG will destroy the Court's subject-matter jurisdiction over this action because AIG is organized under the laws of Delaware and has its principle place of business in New York; thus, the parties will remain completely diverse.

In sum, Plaintiff believes it is necessary and appropriate to join AIG as a party to Plaintiff's declaratory judgment claim and, therefore, seeks leave to file its Second Amended Complaint, a copy of which is attached hereto as **Exhibit A**.

## IV.   PRAYER

WHEREFORE, premises considered, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Leave to Amend to Join AIG as a Defendant, and grant Plaintiff such other and further relief to which it may be justly entitled. A proposed Order on Plaintiff's Motion for Leave to Amend to Join AIG as a Defendant is attached hereto as **Exhibit B**.

        Respectfully submitted by:

        */s/ Kyle B. Mandeville*
        Kyle B. Mandeville
        Texas Bar No. 24065669
        Passman & Jones
        A Professional Corporation
        1201 Elm Street, Suite 2500
        Dallas, Texas 75270-2599
        (214) 742-2121 Telephone
        (214) 748-7949 Facsimile
        mandevillek@passmanjones.com

        **ATTORNEY FOR PLAINTIFF**
        **MOBILITY CREDIT UNION**

### CERTIFICATE OF CONFERENCE

I hereby certify that on December 19-22, 2016, Plaintiff's counsel personally contacted Defendant and discussed the merits of Plaintiff's Motion. Defendant is opposed to the Motion.

        */s/ Kyle B. Mandeville*
        Kyle B. Mandeville

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December 2016 a copy of the above has been served via ECF and by depositing same in the United States mail, postage prepaid, upon:

Mr. Gaston B. Mugnier
505 W 5th Ave.
Covington, LA 70433

        */s/ Kyle B. Mandeville*
        Kyle B. Mandeville